**AMERICAN SECURITY & TRUST COMPANY, Plaintiff,**

v.

**Dorothy Burg VAN ALEN et al., Defendants.**

**Civ. A. No. 357-64.**

United States District Court
District of Columbia.

Sept. 1, 1965.

Benton C. Tolley, Jr., Washington, D. C., for plaintiff.

Roger Tilbury, Portland, Or., and Nicholas N. Kittrie, Washington, D. C., for defendants Abbie Simpson, Frank Simpson, Jr., Elizabeth Dear and Alice Rafter.

George D. Webster, Washington, D. C., for defendant Amelia R. Collins.

J. Roy Thompson, Jr., Washington, D. C., for defendants Dorothy Van Alen, Stoddard Burg and Robert Stuart.

Otis W. Erisman, Philadelphia, Pa., for defendant Virginia Wallace.

HOLTZOFF, District Judge.

This is an action by the trustee under the will of John C. Simpson for instructions concerning the distribution of the corpus of the trust estate, the trust created by the will having recently terminated. In effect, the action is one for the construction of the will. The various parties have moved for summary judgment and the matter is before the Court at this time on these motions. All parties have orally stipulated in open court that the case is ripe for decision on motions for summary judgment, that there are no material facts in controversy, and that a decision may well be reached and should be reached on the basis of the text of the will, plus accompanying exhibits, which are not in dispute and which constitute principally a record of the genealogy of the family in question. The Court has been helped materially by the very full and able arguments of learned counsel.

The testator, John Crayke Simpson, was one of twelve children. His will contains a number of specific bequests to various persons, including his many nephews and nieces. The residuary clause, found in Paragraph 11 of the will, creates a trust for the benefit of four of the brothers and sisters of the testator. It is quite apparent, therefore, that for some reason best known to himself, the testator intended to prefer the four brothers and sisters whom he enumerated. These four brothers and sisters were made the life tenants of the trust. Paragraph 11 of the will further provided that upon the death of any of the enumerated brothers and sisters, the proportionate share of the net income theretofore payable to the deceased should be divided equally among the surviving brothers and sisters enumerated in the paragraph.

The final sentence of Paragraph 11 is the one here in question. It provides that, upon the death of the last survivor of the four brothers and sisters, the trust shall terminate and the residuary estate should be distributed "among my nephews and nieces (children of my deceased brothers and sisters), who may be living at the time of my death, share and share alike, per capita and not per stirpes." The question presented is the construction of the clause just referred to, namely, "my nephews and nieces, (children of my deceased brothers and sisters), who may be living at the time of my death."

The various parties to this litigation have advanced three possible constructions. One is that the class contemplated by this clause of the will should consist of those children of the four enumerated brothers and sisters who were alive at the time of the termination of the trust. Another construction contended for by other parties is that the class should consist of the children of those brothers and sisters who died prior to the date of the will. A third construction contended for is that the class should consist of all

nieces and nephews of the testator, not being limited to the children of the four brothers and sisters specifically enumerated, who were living at the testator's death, provided that their parents died prior to the termination of the trust.

Going back, then, to Paragraph 11 of the will, it is quite clear, as has been stated, that for some reason best known to himself the testator desired to prefer four of his many brothers and sisters and he made them the life tenants of the trust estate. He further provided that whenever any one of the four should die, the proportionate share of the income payable to such deceased brother or sister should be divided equally among the surviving brothers and sisters. In other words, he desired to keep both the corpus and the income of the estate within the group of the four brothers and sisters or their survivors. The clause here in dispute relates to what should happen upon the death of the last survivor. The testator provided that in that event the corpus should be distributed among "nephews and nieces, (children of my deceased brothers and sisters), who may be living at the time of my death."

It seems to the Court that throughout Paragraph 11 the testator had in mind the four brothers and sisters whom he expressly listed in the first sentence of the paragraph. Under those circumstances, the Court is of the opinion that the clear intention of the testator must have been that, upon the termination of the trust, the corpus should be divided among those nephews and nieces who were children of any one of the four brothers and sisters previously enumerated, and other nephews and nieces should not be included within the clause. It is true that a strict literal construction of the clause might lead to a different result, but it seems to the Court that it would carry out the clear intention of the testator to limit the trust estate to the four brothers and sisters and their children, provided that these children were alive at the time of the termination of the trust. It seems to the Court that the other contentions that have been advanced would give a somewhat tortured construction to this paragraph.

Accordingly, the will will be construed as indicated, and counsel may submit proposed conclusions of law and a judgment so construing the will.